IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN E. RIVERA WILSON, | No. C 06-06368 SBA (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| SAN FRANCISCO CITY & COUNTY, et al., | |
| Defendants. / | |

**INTRODUCTION**

Plaintiff filed this pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

The background regarding Plaintiff's claim is taken from his complaint. Plaintiff states that he is HIV positive. He alleges that he has been in custody since June 9, 2006. At the time he filed his complaint on October 3, 2006, he claims that he had "not been seen by a doctor since [his] incarceration." (Compl. at 3.) He admits that he had been seen by a nurse practitioner (N.P.), but he claims that the N.P. is "not a doctor." (Id.) He alleges this deliberate indifference to his serious medical needs is the result of "blatant disregard and negligance [sic] from the medical staff . . . ." (Id.) He asks for punitive damages.

**DISCUSSION**

**I.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se

pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

## II.   Exhaustion

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force

1 or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion of all "available"
2 remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain,
3 speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001).  Even
4 when the prisoner seeks relief not available in grievance proceedings, notably money damages,
5 exhaustion is a prerequisite to suit.  Id. at 741.  The purposes of the exhaustion requirement include
6 allowing the prison to take responsive action, filtering out frivolous cases and creating an
7 administrative record.  See Porter, 534 U.S. at 525.

8       A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no
9 exception to exhaustion applies.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 540
10 U.S. 810 (2003).  Accordingly, a claim may be dismissed without prejudice if it is clear from the
11 record that the prisoner has conceded that he did not exhaust administrative remedies.  Id.

12       The State of California provides its inmates and parolees the right to appeal administratively
13 "any departmental decision, action, condition or policy perceived by those individuals as adversely
14 affecting their welfare."  See Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the
15 right to file administrative appeals alleging misconduct by correctional officers.  See id. § 3084.1(e).
16 In order to exhaust available administrative remedies within this system, a prisoner must proceed
17 through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602
18 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level
19 appeal to the Director of the California Department of Corrections and Rehabilitation.  See id.
20 § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the
21 administrative remedies exhaustion requirement under § 1997e(a).  See id. at 1237-38.

22       Here, the record is unclear whether Plaintiff exhausted his claims before filing his federal
23 complaint.  Plaintiff contends that has "always been told by medical staff [that he] will see doctor,
24 but that he has "not seen doctor since [his initial] incarceration."  (Compl. at 2.)  On the complaint
25 form, he checked the box stating he "appealed to the highest level of appeal available to [him]."
26 (Id.)  Thus, Plaintiff may not have exhausted his administrative remedies as required by 42 U.S.C.
27 § 1997e(a).

28

1	Accordingly, it appears that Plaintiff's claims are unexhausted and subject to dismissal.
2	Therefore, Plaintiff's complaint is DISMISSED with leave to amend his complaint to prove that he
3	exhausted all of his claims against each Defendant <u>before</u> he filed this action.  If Plaintiff did
4	exhaust his administrative remedies with respect to any or all of those claims before filing this
5	action, he may amend his complaint to so allege, as set forth below.

6	**III.	Named Defendants**

7	Plaintiff names his attorney, Floyd Andrews, as a Defendant in this action.  Plaintiff claims
8	that Defendant Andrews told him that he would "be appearing before the judge to review [his] case
9	in hopes of possible early release."  (Attach. to Compl. at 1.)  However, Plaintiff claims that as of the
10	date he filed his complaint, he is still incarcerated "without any treatment or medications."  (<u>Id.</u>)
11	Plaintiff's claim against Defendant Andrews must be dismissed because it is well established that a
12	criminal defense attorney does not act under color of state law, an essential element of an action
13	under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas,
14	making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  <u>Polk</u>
15	<u>County v Dodson</u>, 454 US 312, 318-19 (1981).  Accordingly, Plaintiff's claim against Defendant
16	Andrews is DISMISSED.

17	The only other Defendants named in this complaint are the City and County of San Francisco
18	and San Bruno County Jail #5.  (Compl. at 1, 3.)  In his amended complaint, Plaintiff must identify
19	the particular individuals who caused the harm he allegedly suffered.  Plaintiff must identify by
20	name or as Doe Defendants each individual who allegedly caused a violation of his constitutional
21	rights and must link each defendant to a specific constitutional violation -- i.e., state what that
22	defendant did that caused the violation of Plaintiff's constitutional rights.  <u>See</u> <u>Leer v. Murphy</u>, 844
23	F.2d at 634 (liability may be imposed on individual defendant under §1983 only if plaintiff can show
24	that defendant proximately caused deprivation of federally protected right).  Conclusory allegations
25	of wrongdoing, similar to his allegations in the instant complaint, will not do.  <u>Id.</u>  A person deprives
26	another of a constitutional right within the meaning of section 1983 if he does an affirmative act,
27	participates in another's affirmative act or omits to perform an act which he is legally required to do,
28	that causes the deprivation of which the plaintiff complains.  <u>Id.</u> at 633.  As mentioned above,

4

1  Plaintiff is cautioned that there is no respondeat superior liability under § 1983.  See Taylor, 880
2  F.2d at 1045.  That is, under no circumstances is there liability under § 1983 solely because one is
3  responsible for the actions or omissions of another.  Id.  Here, Plaintiff seems to be alleging a claim
4  of deliberate indifference to his serious medical needs.  Plaintiff is reminded that a claim of medical
5  malpractice or negligence is insufficient to make out a violation of the Eighth Amendment.  Toguchi
6  v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.
7  2002).  In order to state a claim for deliberate indifference to serious medical needs, plaintiff must
8  show that a prison official knew that plaintiff faced a substantial risk of serious harm and
9  disregarded that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S.
10  825, 837 (1994).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's claim against Defendant Andrews is DISMISSED.

2.  Within **thirty (30) days** from the date of this Order, Plaintiff shall file an amended complaint as set forth above.  Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 06-06368 SBA (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the original complaint by reference.  **Plaintiff's failure to file an amended complaint by the deadline will result in the dismissal of this action without prejudice.**

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1     4.     The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy
2  of this Order.
3     IT IS SO ORDERED.
4  DATED: 1/15/09                                          *Saundra B Armstrong*
                                                           SAUNDRA BROWN ARMSTRONG
5                                                          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

P:\PRO-SE\SBA\CR.06\Rivera-Wilson6368.DWI6A.wpd

| | |
|---|---|
| GLEN E. RIVERA WILSON, | |
| Plaintiff, | Case Number: CV06-06368 SBA |
| v. | **CERTIFICATE OF SERVICE** |
| SAN FRANCISCO CITY & COUNTY et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Glen E. Rivera
1072 Folsom Street
#243
San Francisco, CA 94103

Dated: January 16, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Rivera-Wilson6368.DWI7A.wpd